a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MOUHAMET NDIAYE, Petitioner | CIVIL ACTION NO. 1:16-CV-1565-P |
| VERSUS | CHIEF JUDGE DRELL |
| LORETTA E. LYNCH, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Mouhamet Ndiaye ("Ndiaye") (A 046151879). At the time of filing, Ndiaye was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE), housed at the LaSalle Detention Center in Jena, Louisiana. According to the ICE Online Detainee Locator System, Ndiaye is no longer in DHS/ICE custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  **Background**

Ndiaye alleges that he is a native and citizen of Senegal, who has been in ICE custody since April 11, 2013. (Doc. 1, p. 3). Ndiaye states that he was ordered removed on May 20, 2013. (Doc. 1, p. 3). Ndiaye seeks an immediate release from custody.

II. <u>Law and Analysis</u>

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." <u>Home Builders Ass'n of Miss., Inc. v. City of Madison</u>, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. <u>See Giles v. Nylcare Health Plans, Inc.</u>, 172 F.3d 332, 336 (5th Cir.1999). Because Ndiaye is no longer in DHS/ICE custody, this Court cannot order his release. Ndiaye's challenge to his post-removal-order detention is now moot and does not present a justiciable case or controversy.

III. <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

2

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of December, 2016.

                                              Joseph H.L. Perez-Montes
                                              United States Magistrate Judge